UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOLYNE NERISSA JOHNSON,

           Plaintiff,

-against-

MARCIA L. FUDGE, SECRETARY OF HUD, COMMISSIONER OF HOUSING URBAN DEVELOPMENT, et al.,

           Defendants.

21-CV-9648 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. She asserts that Defendants have violated her federal constitutional and statutory rights to housing. By order dated January 25, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She sues (1) Marcia Fudge, United States Secretary of Housing and Urban Development (HUD); (2) Miguel Cardona, United States Secretary of Education (DOE); and Kilolo Kijakazi, Acting Commissioner of the United States Social Security Administration (SSA). Plaintiff checks the box on the complaint form to invoke the Court's federal question jurisdiction, and in response to the form's question asking her to describe which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Fair Housing Acts" and 14th Amendment. (ECF 2, at 2.) In her statement of claim, Plaintiff alleges that her claims arose in "New York State; Maryland State;

2

Pennsylvania State; all 50 U.S. States plus territories" and that they arose from 1998 through 2021. (*Id.* at 5.)

In the facts section, Plaintiff alleges the following:

> I have been trying to secure funds for housing since 1998. I have been undergoing various levels of housing insecurity and undomiciled since then. I have been unable to attend to higher education, receive proper medical treatment, or receive training to alleviate my disabilities. I have been denied the right to function as a normal human being.
>
> HUD → no section 8 from 1998 to 2021. Region of Baltimore, MD recently granted a voucher but I am unable to move b/c of SSA actions and further obligations & civil liabilities. Section 8 voucher set to expire.
>
> Dept. of Ed. → allowances for federal housing during education too low to sustain educational goals.
>
> SSA → monthly allowances too low to get housing.

(*Id.* at 5-6.)

In the relief section, Plaintiff asserts that "I would like HUD, since they cannot manage my account, to give me enough money to purchase a home outright and pay maintenance expenses for life, in a lump sum amount, equivalent to a U.S. Dollar amount that I will ammend [sic] at a later date." (*Id*. at 6.) She also alleges that she is "disabled and completely undomiciled." (*Id.*)

## DISCUSSION

The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including suits against federal agencies and individual federal officers in their official capacities, except where sovereign immunity has been waived.[1] *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v.*

---

[1] The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or

3

*Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff brings claims against Defendants solely in their official capacities as Secretary of HUD, Secretary of DOE, and the Acting Commissioner of SSA. As United States officers, Defendants enjoy sovereign immunity from suit for actions taken in their official capacities. The Court must therefore dismiss Plaintiff's purported claims against Defendants under sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff essentially sues to enforce a right to housing. But courts have long held that there is no constitutional right to adequate housing. *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality. . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no " government obligation to provide adequate housing") (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009)). Because there is no constitutional right to adequate housing, and Plaintiff does not allege any facts suggesting that she was denied a benefit to which she is entitled, her claims concerning her lack of housing cannot proceed. Plaintiff's housing claims must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

employment. *See* 28 U.S.C. § 1346(b)(1). Plaintiff does not allege any facts suggesting that she has complied with the FTCA's procedural requirements. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

4

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## WARNING

In a relatively short period of time, Plaintiff has filed two other actions in this court against government officials in which she failed to allege facts or articulate viable legal claims. Those actions were dismissed as frivolous. *See Johnson v. Stewart-Cousins*, ECF 1:21-CV-9629, 5 (S.D.N.Y. Dec. 28, 2021) (claims against members of the New York State Legislature for alleged failure to include certain types of properties in bills for COVID-19 pandemic relief); *Johnson v. Stewart-Cousins*, ECF 1:21-CV-9627, 5 (S.D.N.Y. Dec. 20, 2021) (claims against members of the New York State Legislature for alleged failure to repeal or amend unconstitutional lien laws).

In light of Plaintiff's litigation history, she is warned that the further filing of vexatious or frivolous litigation in which she fails to allege facts showing that she is entitled to relief may result in an order, under 28 U.S.C. § 1651(a), barring her from filing new actions without prior permission in this court. This warning is necessary, in light of Plaintiff's recent frivolous filings, to conserve this court's judicial resources. *See generally In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

The Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff is warned that further vexatious or frivolous litigation in this court may result in an

order barring her from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:   February 2, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge